UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL S. HOLZMAN,

    Petitioner,

v.                                    Case No. 5:05-cv-449-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____

## ORDER OF DISMISSAL

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Respondent has filed a Response asserting that the Petition should be dismissed as time-barred (Doc. 5). The Petitioner has not filed a reply to the Response. For the following reasons, the Court concludes that the Petition is time-barred.[1]

## One-Year Limitation

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

the expiration of the time for seeking such review[.]"[2] The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."[3]

## State Proceedings

Petitioner challenges his 2004 Marion County guilty-plea conviction of burglary of a dwelling and criminal mischief, for which he received a 15-year sentence as a prison releasee reoffender. Appendix to Response ("App.") tab C. Petitioner was sentenced on January 21, 2004, and did not pursue a direct appeal. Accordingly, Petitioner's conviction became final 30 days later when the time for filing an appeal expired, or on February 20, 2004. Petitioner had one year from that date to file a federal habeas corpus petition, absent tolling. On December 20, 2004, Petitioner filed a motion for postconviction relief. Id. tab A. At that point, 305 days of the federal filing period had elapsed. The motion was denied on March 9, 2005. Id. tab C. Petitioner appealed, and the state appellate court affirmed on May 31, 2005. Id. tab E. Petitioner had 60 days remaining on the federal filing period, or until August 1, 2005. Petitioner did not file the instant habeas petition until November 3, 2005, and accordingly the Petition is untimely.

---

[2] 28 U.S.C. § 2244(d)(1).

[3] 28 U.S.C. § 2244(d)(2); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Conclusion

For the reasons set forth in this Order, the Petition is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of March 2009.

_____
UNITED STATES DISTRICT JUDGE

c: Paul S. Holzman
   Respondent